IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

JUDITH SANCHEZ GARCIA, et al.,

   Plaintiffs,

   v.

AMERICAN AIRLINES, et al,

   Defendants.

CIVIL NO. 05-1844 (RLA)

## **ORDER GRANTING AMERICAN'S MOTION**

Defendant AMERICAN AIRLINES, INC. ("AMERICAN") has moved the court to strike plaintiffs' jury demand as well as to dismiss the claims asserted on behalf of JOSE TAVAREZ. Defendant's request spawned a flurry of motions going back and forth between the parties with each side vehemently defending its position.

The court having reviewed the arguments presented by the parties hereby finds that AMERICAN's arguments are legally sound and therefore, granting the relief petitioned in its motion is warranted.

### **Procedural Background**

This action is based on the Convention for the Unification of Certain Rules Relating to International Transportation by Air, Oct. 12, 1929, 49 Stat. 3000, T.S. No. 876 (1934), *reprinted in* note following 49 U.S.C. § 40105 (the "Warsaw Convention"). Specifically, plaintiffs seek damages resulting from an accident suffered by JUDITH

**CIVIL NO. 05-1844 (RLA)**                                              **Page 2**

SANCHEZ GARCIA while boarding an AMERICAN flight in San Juan, Puerto Rico, bound for Miami, Florida.

According to the Amended Complaint, while approaching her assigned seat at row 30, plaintiff JUDITH SANCHEZ GARCIA lost her balance and suffered injuries to her knee due to an object left on the floor. JOSE TAVAREZ joined in the suit claiming mental anguish resulting from his wife's injuries.

This action was originally instituted in the local forum. On August 5, 2005 AMERICAN filed a Notice of Removal with this court as well as its Answer to the Complaint. On September 29, 2005 plaintiff appeared through new counsel[1] and requested leave to amend the complaint which request was granted by the court on October 6, 2005. On November 1, 2005 (docket No. 10) plaintiffs filed their Amended Complaint.

In the meantime, AMERICAN sought reconsideration of our order allowing the amendment to the original pleading based on two grounds: the timeliness of the jury demand and plaintiff TAVAREZ's lack of a viable claim for relief.

### Jury Demand

A jury demand must be made "no later than 10 days after service of the last pleading directed to such issue".  Rule 38(b) Fed. R. Civ. P. In accordance with Rule 7(a) Fed. R. Civ. P., only the

---

[1] The court had given plaintiff a deadline to appear through counsel admitted to this forum.

**CIVIL NO. 05-1844 (RLA)**                                                          **Page 3**

complaint and the answers thereto are deemed pleadings. 8 Moore's Federal Practice - Civil § 38.50[3][iv]; 9 Wright & Miller, Federal Practice and Procedure: Civil 2d § 2320 p. 148 (1995). Hence, the demand must be made within ten days after service of the answer to the complaint.[2]

The facts in this case are straightforward. When AMERICAN filed its answer to the complaint in this court on August 5, 2005 - immediately upon the removal of the action - the ten-day term for plaintiffs to request trial by jury commenced to run. Unfortunately, it was not until much later, September 29, 2005 to be precise, that plaintiffs for the first time intimated their desire to have their claims tried before a jury.

The fact that the complaint was subsequently amended has no effect on this deadline. Under certain circumstances the rules allow additional time to notify a jury demand in cases of amended pleadings. However, "if the amended or supplemental pleading does not raise a new issue, but merely changes the theory of the case or the relief requested, then a jury trial right waived by a failure to demand in connection with the original pleading is not revived." Wright & Miller § 2320 p. 49 (Supp. 2005). *See also*, 8 Moore's § 38.50[8][d] ("An amended pleading which merely reasserts new

---

[2] In cases of removal from state court, if the answer to the complaint has not yet been filed at the time of the removal the demand is governed by Rule 38 and not Rule 81(c). *See*, 8 Moore's § 38.50[7][c].

**CIVIL NO. 05-1844 (RLA)**                                                              **Page 4**

theories of recovery, but is based on the same facts as the original complaint, does not reestablish the defendant's right to demand a jury trial when the right had been waived as to the original complaint.")

A review of the Amended Complaint filed in this case confirms that the underlying factual scenario pled remained the same as in the original pleading. As plaintiffs themselves indicated in their request for leave to amend, the purpose of the revision was strictly to satisfy the federal jurisdictional pleading requirements.

Accordingly, we find that the jury demand in this case was untimely made and it is therefore, **STRICKEN.**

### Damages Requested by Mr. Tavarez

AMERICAN has also moved to dismiss the claims asserted by co-plaintiff JOSE TAVAREZ as unavailable under the Warsaw Convention. It is undisputed that MR. TAVAREZ suffered no bodily injury on board the AMERICAN aircraft. His claim is purely for mental suffering derivative of his wife's physical injuries.

Art. 17 of the Warsaw Convention reads:

> The carrier shall be liable for damage sustained in the event of the death, or wounding of a passenger or any other bodily injury suffered by a passenger, if the accident which caused the damage so sustained took place on board the aircraft or in the course of any of the operations of embarking or disembarking.

**CIVIL NO. 05-1844 (RLA)**                                              **Page 5**

The Supreme Court has specifically ruled that "an air carrier cannot be held liable under Article 17 when an accident has not caused a passenger to suffer... physical injury". Eastern Airlines, Inc. v. Floyd, 499 U.S. 530, 552, 111 S.Ct. 569, 113 L.Ed.2d 569 (1991).

Plaintiffs' attempt to distinguish the aforementioned ruling by pointing to Díaz Lugo v. Am. Airlines, Inc., 686 F.Supp. 373 (D.P.R. 1988) - a contrary decision issued prior to the Supreme Court decision - is unavailing.

Further, the Warsaw Convention preempts personal injury claims based on local law even if no liability is available under its provisions. "The Warsaw Convention precludes a passenger from maintaining an action for personal injury damages under local law when [his] claim does not satisfy the conditions of liability under the Convention." El Al Israel Airlines v. Tseng, 525 U.S. 155, 176, 119 S.Ct. 662, 142 L.Ed.2d 576 (1999).

Based on the foregoing, we conclude that MR. TAVAREZ has no viable claim under the Warsaw Convention inasmuch as he sustained no physical injuries. Furthermore, he cannot bring suit for his mental suffering under local law.

Accordingly the claims asserted on behalf of JOSE TAVAREZ are hereby **DISMISSED**.

**CIVIL NO. 05-1844 (RLA)**                                                              **Page 6**

### Direct Action

It further appearing that AMERICAN is self insured insofar as the damages alleged in this case,[3] the direct action asserted against an unknown insurance company pursuant to 26 P.R. Laws Ann. §§ 2001 and 2003 (1997) is likewise **DISMISSED**.

### Conclusion

Based on the foregoing, the Motion for Relief from Order (docket No. **8**) filed by AMERICAN[4] is **GRANTED**.

Accordingly, the demand for jury trial is **STRICKEN**.

It is further ORDERED that the claims asserted on behalf of JOSE TAVAREZ as well as the claims asserted against the fictitious insurance company are hereby **DISMISSED**.

Judgment shall be entered accordingly.

IT IS SO ORDERED.

San Juan, Puerto Rico, this 16th day of March, 2006.

                                                        S/Raymond L. Acosta
                                                          RAYMOND L. ACOSTA
                                          United States District Judge

---

[3] *See,* Motion for Relief (docket No. 8) n.6 p. 9.

[4] See also, Response in Opposition (docket No. **13**); Reply to Opposition (docket No. **16**); Plaintiffs' Sur-Reply (docket No. **20**); and Response (docket No. **21**).